NICOLE HODGE AMEY (SBN 215157)
**THE LAW OFFICES OF NICOLE HODGE AMEY**
P.O. Box 5100
Oakland, California  94605
Telephone:  (510) 479-0003
Facsimile:  (866) 602-2986
Email:  nicole.amey@lonhaca.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.K., a minor by and through his guardian ad litems Brian and Melanie Kirksey,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC. and FREMONT UNIFIED SCHOOL DISTRICT<br><br>Defendants. | Case No.:  **5:21-cv-8465**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF and**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff M.K. is a child who is a California elementary public school student, who attended school via Google classrooms during school closures beginning on or about March 16, 2020.

2. More than a year ago due to concerns over the then unknown COVID-19, Fremont Unified School District shuttered its schools' doors.

3.  Google offered its platform as a solution to the closure of schools and public school students transitioned to Google's online and internet based systems to access their education. Parents were not given an option to opt out or an alternative to receive education if they did not wish to risk their child's privacy.

4. Once MK's parent learned of the risks of Google classroom and didn't participate in the program, MK was not given any options to receive classroom instruction.

5. Over the years Google has marketed its school products as a free educational tool, and it has hidden the real cost of its product is privacy, data collection, stalking by predators and risk of pornographic material and targeting of children by predators while participating on the Google platform.

6. Without notice to parents Google has collected troves of personal information, including: M.K.'s physical locations, websites visited, every search term used in Google's search engine and links clicked on, the videos watched, voice recordings, saved passwords, biometrics and other behavioral information.

7. Upon information and belief Plaintiff contends that MK's device was hacked in January 2021 and the hacker sent sexually explicit content to MK's classroom teacher. Google and Fremont Unified School District failed to inform teachers, school staff and parents of the risk of stalking or hacking into the classroom. In M.K.'s situation the content the hacker sent, was linked to M.K. and he was punished for the content and exposed to the content.

8. Upon information and belief, Plaintiff asserts Google will log the hacker's explicit conduct as conduct of MK. MK has no means of clearing his reputation and ensuring that data associated with him and is his data. Parents did not consent to the collection of data, and now have no means to protect the reputation of MK from the sexually explicit content that is now linked to his Google classroom account. Plaintiff has no information or control of who Google distributes its data collection to and seeks to protect the reputation and privacy of MK within this action.

9. In 1999, to better protect the privacy of children under the age of 13, the United States Congress enacted Children's Online Privacy Protection Act (COPPA), *See* 15 U.S.C. §§ 6501–6506, in response to a growing concern over the collection of children's data on the Internet. In passing COPPA, Congress specifically sought to increase parental involvement in children's online activities, ensure children's safety during their participation in online activities, and most importantly, protect children's personal information. Ultimately, Congress enacted COPPA with the specific goal of placing parents in control over what information is collected from their young children online. To that end, COPPA requires, in relevant part, that websites and online services fully and clearly disclose their data collection, use, and disclosure practices, and obtain "verifiable

parental consent" before collecting, using, or disclosing personal information from children under 13. A violation of this regulation is deemed unlawful. 16 C.F.R. § 312.3.

10. COPPA does not cover collection of biometric data and as such parent must proceed by private action to address the collection of biometric data.

11. Upon information and belief Plaintiff alleges that Google did not provide the school with full notice of its collection, use, and disclosure practices in the same way that it is otherwise required to do for a parent and if Google did provide full notice, Defendant Fremont Unified failed to inform parent of what Google would collect and use and District failed to obtain parental consent.

12. Under COPPA, school districts are authorized to provide consent on behalf of parents and may approve a student's use of an educational program. A Learning Education Agencies ("LEAs") ability to consent on a parent's behalf is strictly limited to the educational context. That is, an LEAs educational purposes and not for any commercial purpose.

13. Under COPPA, an operator of a website or online service that collects personal information from children must provide notice to the child's parent about its data collection practices and obtain verifiable parental consent prior to any collection or use of personal information from children. A violation of this regulation is deemed unlawful. 16 C.F.R. § 312.3.

14. Plaintiff alleges Defendant District could not consent to Google's collection of data as upon information and belief Parent contends Google did not enable the LEA to review and have deleted the personal information collected from its students. Defendants did not inform parents that MK's biometric data would be collected and stored and as COPPAA does not cover biometric data, the district could not consent to collection of that data.

15. Plaintiff alleges upon information and belief that Defendant District failed to determine and understand how an operator will collect, use, and disclose personal information from its students and it failed to understand how student's would be protected from predators and hackers while in online classrooms and it failed to inform parents of the security risks.

16. Google capitalized on Covid school closures and used and its educational platform to collect MK's personal and sensitive information for commercial purpose without notice to parents and it does not give parents of the Defendant district the ability to review, limit, or control data collected and used.

17. California's Student Online Personal Information Protection Act,("SOPIPA") (California Business and Professions Code section 22584) sets forth privacy laws for operators of websites, online services, and applications that are marketed and used for K-12 school purposes, even if those operators do not contract with educational agencies.

18. SOPIPA requires operators to delete school- or district-controlled student information when requested by schools or districts.

19. Upon information and belief Plaintiff alleges the District did not request Google to delete records or events associated to MK.

20. The California Consumer Privacy Act of 2018; Civ. Code, § 1798.100 et seq., added by Stats. 2018, ch. 55, § 3, eff. Jan. 1, 2020, grants any consumer, defined as "a natural person who is a California resident," certain rights with respect to personal data collected by businesses.

21. MK alleges Defendants deprived him or his parents of his rights with respect to his personal and biometric data, including notice of data collected and risk to personal information if hacked.

22. Children are particularly vulnerable from a negotiating perspective with respect to their privacy rights. Parents should be able to control what information is collected and California Consumer Privacy Act of 2018 or shared about their young children and should be given the right to demand that companies erase information collected about their children.

23. Consumers should know who is collecting their personal information and that of their children, how it is being used, and to whom it is disclosed so that they have the information necessary to exercise meaningful control over businesses' use of their personal information and that of their children.

24. Consumers should be able to control the use of their personal information, including limiting the use of their sensitive personal information, the unauthorized use or disclosure of which creates a heightened risk of harm to the consumer, and they should have meaningful options over how it is collected, used, and disclosed.

25. MK used a school Chrome Book and Google classrooms which collects and stores biometric and other forms of personally identifying data, including videos watched and uses such information to

for commercial purposes and to earn a profit.

26. Defendant Google has collected, stored, and used or will use, the biometrics and other personally identifying information of MK without having provided notice, obtaining informed parental consent, or publishing data retention policies.

**PARTIES**

27. This action is brought by MK a minor under 13 years old, residing in California and who attended Fremont Unified School District when issues complained of arose.

28. SOPIPA, and California Consumer Privacy Act of 2018 allow private actions to be filed for violations.

29. Defendant Google LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located in Mountain View California.

30. Google is an "operator" as contemplated by 16 C.F.R. § 312.2 because it operates a "Web site located on the Internet or an online service and who collects or maintains personal information from or about the users of or visitors to such Web site or online service . . . where such Web site or online service is operated for commercial purposes involving commerce among the several States or with 1 or more foreign nations." Indeed, students can access Google's services online and Google provides its Google Education platform to schools in Illinois and throughout the country.

31. Defendant Fremont Unified School District is a California Public Entity. Student has complied with California's Government Tort Claim Act prior to instituting this action, by providing written notice of the dispute on June 12, 2021.

**JURISDICTION and VENUE**

32. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367.

33. Personal jurisdiction and venue are proper in California and within this District because Defendant maintains its corporate headquarters and principal place of business within this District, in Mountain View, California.

## FIRST CAUSE OF ACTION
Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Google, LLC delivers pre-rcorded audio visual materials as described in 18 U.S.C. § 2710(a)(4) and is engaged in the business, or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio-visual materials delivering videos to consumers through its applications and platforms.

36. As users of the App, Plaintiff is a consumers within the definition of 18 U.S.C. § 2710(a)(1) of the VPPA.

37. Defendant Google, LLC collected consumers personally identifiable information ("PII") within 18 U.S.C. § 2710(a)(3).

38. Defendant, upon information and belief, has disclosed PII to third-parties, including data brokers and advertisers, to generate revenue and profit.

39. Defendants failed to solicit and/or obtain consent from Plaintiff and/or his parents to collect and disclose their PII, nor did Defendants provide clear and conspicuous notice of the disclosure of PII, as defined in 18 U.S.C. § 2710 (b)(2)(B).

40. The knowing disclosure and transmission of PII violates the VPPA within the meaning of 18 U.S.C § 2710(b)(1).

## SECOND CAUSE OF ACTION
Violation of SOPIPA

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. During the California school closures beginning on or about March 16, 2020, Google classrooms and platforms made itself available to California schools for the purpose of attending school online.

43. Fremont Unified School District availed itself of the Google platform and required its students to attend class online to receive instruction, thus forcing students to submit to the privacy violations and data collection complained of.

44. Google had actual knowledge that its platforms were being used for educational purposes for students in Kindergarten through twelfth grades ("K-12") and offered its platforms to Defendant district for purported educational purposes.

45. SOPIPA prohibits an operator's use of information, including persistent unique identifiers, created or gathered by the operators site, service, or application, to amass a profile about a K-12 student except in furtherance of K-12 school purposes.

46. Plaintiff alleges upon information and belief, Defendant Google has collected personal information including behavioral information and biometric data for purposes that do not further school purposes.

47. Google failed to properly inform Plaintiff MK, his parents and/or his school, biometric identifiers" and "biometric information" were being "collected or stored" by Google.

48. SOPIPA requires service providers to implement reasonable security procedures and practices , yet Google failed to protect the children and classrooms as MK's account was hacked, and his teacher received sexually inappropriate messages which were attributed to MK and the Defendant district refused to give MK a new account, when his parent requested a new student account.

49. MK alleges upon information and belief, Google's data collection required student to maintain the same student account.

50. As alleged above MK has been harmed as the data collected will now link him to the behaviors of a hacker, and without complete knowledge of what Google intends to do with the data, MK risks being denied future opportunities because of what his Google behavioral data will show.

### THIRD CAUSE OF ACTION
Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

51. Plaintiffs incorporate the allegations of paragraphs 1-30 as if fully set forth herein.

52. Google engaged in business acts and practices deemed "unlawful" under the UCL, because, as alleged above, Google unlawfully collected, stored, and used the biometric identifiers, biometric information, videos watched and other personally identifying information of Plaintiff without first

obtaining the requisite parental consent in violation of COPPA and Federal Trade Commission ("FTC") regulations.

53. COPPA did not give the FTC authority to act when an operator collects biometric data or videos watched, however, Google did not obtain parental consent for such privacy intrusions.

54. Fremont Unified School District gave Google access to its students, required students to participate and gave Google access to its student body, thus participating in the unlawful acts alleged against Google.

55. Under COPPA, "personally identifiable information" includes information like names, email addresses, and social security numbers. COPPA's definition of "personally identifiable information" are:

> "individually identifiable information about an individual collected online," which includes (1) a first and last name; (2) a physical address including street name and name of a city or town; (3) online contact information (separately defined as "an email address or any other substantially similar identifier that permits direct contact with a person online"); (4) a screen name or user name; (5) telephone number; (6) social security number; (7) a media file containing a child's image or voice; (8) geolocation information sufficient to identify street name and name of a city or town; (9) a "persistent identifier that can be used to recognize a user over time and across different Web sites or online services" (including but not limited to "a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier"); and (10) any information concerning the child or the child's parents that the operator collects then combines with an identifier.

56. The FTC regards "persistent identifiers" as "personally identifiable" information that can be reasonably linked to a particular child.

57. Plaintiff is a minor child who had his biometric identifiers," "biometric information," and other personally identifying information including his names and e-mail addresses collected, captured, received, or otherwise obtained by Google in connection with their use of Google's education platforms.

58. Specifically, upon information and belief Google collected, chats by student, communications to teachers and peers, browsing histories, contact lists, videos watched, and audio notes and memos of Plaintiff in the form of audio files containing the child's voice and digitized images of the child's facial geometry, as well as biometric identifiers and biometric information derived therefrom. Google attributed all data it collected from MK to his Google accounts with his name and unique identifiers.

59. Pursuant to 16 C.F.R. § 31 2.4(a), "[i]t shall be the obligation of the operator to provide notice and obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children. Such notice must be clearly and understandably written, complete, and must contain no unrelated, confusing, or contradictory materials."

60. Google failed to provide notice to Plaintiff's parents, and has failed to provide such notice to the parents as required by 16 C.F.R. § 312.4.

61. Due to Covid related school closures parent had no alternative to Google platforms as the school did not offer an alternative. Parents and MK were forced to submit to Google's data collection, even had notice been offered, as in person schools were shut down by the state of California.

62. Google and the District have failed to give parent guidance on the deletion of data connected to MK.

63. Google has failed to provide direct notice to Plaintiff's parents stating the types of personal information it seeks to collect from the child.

64. Google failed to obtain—or even adequately attempt to obtain—parental consent authorizing it to collect and use minor's personal and sensitive information from Plaintiff.

65. Each instance of Google's nonconsensual and unauthorized collection and use of Plaintiff's and personal information in one or more ways described above constitutes a separate violation of COPPA and is thus a separate violation of the UCL's "unlawful" prong.

66. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), a violation of COPPA constitutes an "unfair" or "deceptive" act or practice in or affecting commerce, in violation of the FTC Act and thus the UCL.

67. Parents of MK and MK have no control over how Google uses the data it collects and how that data may be used in a predictive manner. The potential of harm for children who are unaware and lack the foresight to understand that data is being collected and to protect themselves against the long term consequences of their childish online behavior is grave. The harm outweighs any benefit. Google has no educational purpose for collecting and storing biometric and behavioral data and student's communications. Google does have a business purpose it can create dossiers to future employers, advertisers and anyone willing to purchase the history of a child to monitor their life's progression.

68. Unfair acts under the UCL have been interpreted using three different tests:
(1) whether the public policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL is tethered to specific constitutional, statutory, or regulatory provisions; (2) whether the gravity of the harm to the consumer caused by the challenged business practice outweighs the utility of the defendant's conduct; and (3) whether the consumer injury is substantial, not outweighed by any countervailing benefits to consumers or competition, and is an injury that consumers themselves could not reasonably have avoided. Defendants' conduct is unfair under each of these tests.

69. Google's conduct violates the policies underlying privacy law, as well as COPPA itself.

70. Plaintiff and his parents were completely unaware of Google's practices as alleged herein, they could not possibly have avoided the privacy-based harms such practices caused. Google's violations of the UCL were, and are, willfully unlawful, deceptive, and unfair.

71. Google is aware of its violative conduct, yet has failed to adequately and affirmatively take steps to cure such misconduct. In fact Google signed a Student Privacy Pledge and mislead parents into believing Google would only use data for authorized school and educational purposes and inform parents of the types of student personal information Google collects, if any, and the purposes for which the information Google maintains is used or shared with third parties.

72. MK was directly and proximately harmed by Google's violations of Cal. Bus. & Prof. Code §17200.

73. Plaintiff MK seeks injunctive relief requiring Google and the District to delete such "biometric identifiers," "biometric information," and other personally identifiable information already collected without parental consent, and to implement functionality sufficient to prevent the unlawful collection of such "biometric identifiers," "biometric information," and other personally identifiable information in the future; notify parent of who and what entities received student's data and (2) reasonable attorney's fees (pursuant to Cal. Code of Civ. Proc. § 1021.5).

**FOURTH CAUSE OF ACTION**
FAILURE TO PROTECT
Against All Defendants

74. Plaintiff incorporates the foregoing allegations in paragraphs 1- 65 as if fully set forth herein.

75. Fremont Unified School District was negligent when it allowed Google LLC to obtain biometric and personal information on student in violation of state and federal laws.

76. Fremont Unified School District was negligent when it required students to submit to Google's platforms to obtain educational services during Covid-Related shutdowns.

77. Fremont Unified School District and Google were negligent when it failed to train its teachers on the risk of hackers and predators infiltrating the online platform and how to respond and identify individuals who hacked into the online class programs and protect student safety.

78. Google purposefully misrepresented and obfuscated its COPPA- violative conduct, which in turn resulted in MK being forced to use Google's service in order to participate in school. Google has complete control over the data collection, use, and retention practices of its services, including the biometric data and other personally identifying information collected through the use of the service, and uses this control not only to secretly and unlawfully monitor and profile children, but to do so without the knowledge or consent of those children's parents. Such exploitation by Google, with its unique knowledge of its wrongful practices, occurred to the detriment of MK, his family and has invaded the privacy of Plaintiffs as well as causing him to have his account infiltrated with inappropriate language of a hacker.

79. The District failed to offer reasonable care to ensure MK would not be subjected to the invasion of his privacy and data collection of Google to access his education.

80. The District was in a position to warn parents and protect student MK from the data collection but failed to protect MK for some unknown reason.
81. As a result of the District's failures, Google has collected and upon information and belief still retains data on MK, that he is unable to have deleted and has resulted in his data collection having false behavioral data linked to him.
82. The District and Google LLC had a duty to protect MK from predators while he was participating in his online school.  Google assumed this responsibility when it made entered schools for the purpose of data collection.  Fremont Unified duty to MK exists as it was the provider of education services during the time the event occurred.
83. Parents allege a hacker was able to use MK's Google account to make inappropriate comments to MK's teacher during class.
84. MK was harmed when he was punished and excluded from school and when the District failed to identify the source and IP address of the inappropriate comments. MK was harmed from the exclusions from his online class during a pandemic that had excluded him from in person learning. MK also suffered harm to his reputation.
85. The District and Google breached its duty to protect student while he was participating in school and each defendant's conduct was a substantial factor in causing MK's harm.

**FIFTH CAUSE OF ACTION**
Violation of the California Constitutional Right to Privacy

86. Plaintiff incorporates the foregoing allegations in paragraphs 1- 65 as if fully set forth herein.
87. Plaintiff has a reasonable expectations of privacy in his mobile devices and his online behavior, generally.
88. The reasonableness of such expectations of privacy is supported by Defendant Google and District's unique position to monitor Plaintiff's behavior through their access to Plaintiff's privately owned personal computer and his Chrome Book during non school hours.  It is further supported by the surreptitious, highly-technical, and non-intuitive nature of Defendant Google's tracking.

89. Defendants intentionally intruded on and into Plaintiff's solitude, seclusion, or private affairs by intentionally designing the App to secretly obtain, and improperly gain knowledge of, review, and or retain Plaintiff's activities through the technologies and activities described herein.

90. These intrusions are highly offensive to a reasonable person. This is evidenced by, inter alia, the legislation enacted by Congress, rules promulgated by the FTC. the extent of the intrusion cannot be fully known, as the nature of privacy invasion involves sharing Plaintiff's personally identifiable information and/or viewing data with potentially countless third-parties, known and unknown, for undisclosed and potentially unknowable purposes, in perpetuity. Also supporting the highly offensive nature of Defendant Google's conduct is the fact that Defendant Google's principal goal was to surreptitiously monitor Plaintiff in one of the most private spaces available to an individual in modern life-and to allow third-parties to do the same. Google used the chaos surrounding Covid shut downs to gain access into the homes, behaviors, habits and biometrics of student and such behavior is extremely outrageous.

91. Plaintiff was harmed by the intrusion into their private affairs as detailed throughout this Complaint.

92. Defendant Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff.

93. As a result of Defendant Google's actions, Plaintiffs seek nominal and punitive damages in an amount to be determined at trial. Plaintiff seeks punitive damages because Defendant Google's actions which were malicious, oppressive, willful were calculated to injure Plaintiffs and made in conscious disregard of Plaintiff's rights. Punitive damages are warranted to deter Defendants from engaging in future misconduct.

**PRAYER FOR RELIEF**

94. Plaintiff seeks judgment against Defendants as follows:

    A. Find that Defendants actions, as described herein, constitute (i) a violation of the Video Privacy Protection Act; (ii) a violation of SOPIPA; (iii) a violation of Cal. Bus. & Prof. Code

§ 17200; (iv) were a Failure to Protect ; (v) California Constitutional Right to Privacy, Article I, Section 1

B. Declaring that District must offer an alternative to students who wish to maintain their privacy and do not wish to submit to Google's platforms;

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs, an order requiring Google to permanently destroy the biometric identifiers and biometric information it has collected from Plaintiff;

D. Plaintiff seeks punitive damages because Google's actions were oppressive and willful. Punitive damages are warranted to deter this misconduct in the future;

E. Damages for emotional distress and damage to reputation caused by negligence of Defendants;

F. Awarding injunctive and other equitable relief pursuant to the California UCL as is necessary to protect the interests of Plaintiff;

G. Awarding Plaintiffs' counsel their reasonable litigation expenses, expert fees, and attorneys' fees;

H. An award of other and further relief as equity and justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully request leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated: October 29, 2021.

By: _____
Nicole Hodge Amey
Law Offices of Nicole Hodge Amey
Attorney for Plaintiffs
P.O. Box 5100
Oakland, California  94605
Telephone:  (510) 479-0003
Facsimile:  (866) 602-2986
Email: nicole.amey@lonhaca.com