NICOLE HODGE AMEY (SBN 215157)
**THE LAW OFFICES OF NICOLE HODGE AMEY**
P.O. BOX 5100
Oakland, CA. 94605
Telephone: (510) 569-3666
Fax: (866) 602-2986
Email: nicole.amey@lonhaca.com

Attorney for Plaintiff MK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **M.K.,** a minor by and through his guardian ad litems Brian and Melanie Kirksey,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**GOOGLE, LLC** and **FREMONT UNIFIED SCHOOL DISTRICT,**<br><br>**Defendants.** | **Case No.: 5:21-cv-8465-VKD**<br><br>**M.K. SUPPLEMENTAL BRIEF RE: FREMONT UNIFIED SCHOOL DISTRICT MOTION TO DISMISS**<br><br>**Judge: Virginia K. DeMarchi**<br><br>Date: July 19, 2022<br>Time: 10:00 a.m. |

**M.K.** files this supplemental brief to address issues raised by defendant Fremont Unified School District ("District) during a June 13, 2022 hearing on District's Motion to Dismiss

**OBJECTION**

Plaintiff contends Fremont Unified School District waived potential preemption defenses and its presentation of the issue is untimely.

**Whether the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501 et seq., preempts some or all of plaintiff's state law claims under California's Student Online Personal Information Protection Act ("SOPIPA"), Cal. Bus. & Prof. Code §22584?**

In 1998, Congress passed the Children's Online Privacy Act ("COPPA"). 15 U.S.C. §6501 *et seq*. COPPA preemption applies if two conditions are met: (1) the conduct at issue is regulated by COPPA, and (2) the state law imposes liability that is different from how COPPA "treat[s]" that conduct under "this section." 15 U.S.C. § 6502(d); *see also Hubbard v. Google LLC*, 508 F. Supp. 3d 623, 630 (N.D. Cal. 2020).

Defendants contend Plaintiff claims are preempted by COPPA. Plaintiff disputes this contention. While many facts alleged by Plaintiff are within the purview of COPPA, Plaintiff has alleged activity that is unregulated by COPPA and that independently violates state law as well.

*In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), the Third Circuit Court applied a presumption against preemption as the allegations in that case involved deceit which went beyond the provisions of COPPA.

COPPA does not regulate Defendant District's failure to protect students from the risks of hackers and predators while in Google Classrooms. District Fremont offered MK one option to access their education during the 2020-2021 school year and that option was Google Classroom. MK could not opt out if he wanted to access his public education.

COPPA limits its protections to keeping personal information secure. COPPA does not regulate the District's failure to warn parents of Google classrooms vulnerability to predators, pornographic material and hackers…. (¶5). COPPA does not address Fremont giving Google access to students and allowing Google to collect and maintain chats by student, maintain communications and purported

communications of MK to teachers and peers (paragraph 58), and behavioral information (paragraph 46) thus Plaintiff MK's claims are not preempted by COPPA or subject to dismissal.

MK lost access to his education and was denied access to his educational program. COPPA does not regulate or require an educational agency to protect school children from intruders while using the Google platforms, nor does COPPA regulate how a school district is to handle or discipline a student whose account been hacked and that data is associated to a minor's school based Google account.

COPPA does not regulate biometric information. PROTECT Kids Act, H.R. 1781, 117th Cong. (2021) was introduced on March 10, 2021 to the 117 Congress to amend COPPA of 1998 to add geolocation and **biometric** information to protected personal information regulated by COPPA. The law to amend COPPA and include biometric information has not passed. Fremont Unified School District gave Google access to student, made the participation mandatory via Google Classrooms and Chromebooks and allowed Google to gather data on MK.

COPPA regulates unfair and deceptive acts and practices in connection with collection and use of personal information from and about children on the Internet. COPPA was written to protect children's personal information being obtained online and enabling others to make contact with the specific child.

Biometrics are biologically unique to the individual and once compromised the individual has no recourse. *Patel v. Facebook Inc.,* 290 F. Supp. 3d 948, 2018 U.S. Dist. Lexis 30727, 2018 WL 1050154. Biometrics is the science of establishing human identity based on physical or behavioral traits, such as fingerprints, facial recognition and iris recognition. *E-Smart Technologies, Inc. v. Wayne Drizin* 2009 U.S. Dist. Lexis 272. Behavioral biometrics are based on patterns unique to each person, how a person walks or even types on a keyboard can indicate identity when tracked.

Biometric data under the California Consumer Privacy Act is defined as "an individual's physiological, biological or behavioral characteristics, including an individual's deoxyribonucleic acid (DNA), that can be used, singly or in combination with each other with other identifying data, to establish an individual's identity."

COPPA does not regulate the collection of behavioral data, information and characteristics at issue in MK's complaint.  (¶5, ¶67)

Children's Online Privacy Protection Act of 1998 - Directs the Federal Trade Commission (FTC) to prescribe regulations requiring commercial website operators to follow fair information practices in connection with the collection and use of personal information from children under age 16, including by obtaining verifiable parental consent for the collection, use, or disclosure of personal information from children under the age of 13.

The data forming the basis of M.K.'s complaint is not centered on the collection or use of merely personal information.

15 USC 6501 (8) COPPA defines Personal information as individually, identifiable information about an individual, including--

> (A) a first and last name;
> (B) a home or other physical address including street name and name of a city or town;
> (C) an e-mail address;
> (D) a telephone number;
> (E) a Social Security number; or
> (F) any other information that would facilitate any other identifier that the Commission determines permits the physical or online contacting of a specific individual; or
> (G) information concerning the child or the parents of that child that the website collects online from the child and combines with an identifier described in this paragraph.

Congress did not include biometric data under COPPA, as Congressional members are currently seeking to amend COPPA to add biometric information and this is direct evidence that Congress did not include nor did it intend to include biometric information in its 1998 COPPA law.

COPPA does not regulate collection of biometric data of children, thus the state law can not impose liability that is different from how COPPA "treat[s]" that conduct under "this section." COPPA does not address or regulate the conduct of biometric data collection.

COPPA specifically states its legislation is to protect the privacy of personal information collected from and about children on the Internet.

*California Consumer Privacy Act ("CCPA") allows private action for Security Breach*

Plaintiff MK has alleged a security breach (¶42), allowed under CCPA, and this conduct is not regulated under COPPA. CCPA provides a private right of action for violations "related to personal information security breaches". Defendant District maintained email addresses for student in conjunction with Google and is responsible for the security breach suffered by M.K.

**If COPPA does not preempt all of plaintiff's state law claims, whether plaintiff has a private right of action against the District for alleged violations of SOPIPA, given that the District is a public entity.**

M.K. contends that their SOPIPA claims can be brought against a public entity, however MK withdraws its SOPIPA claims against the District without prejudice.

Dated: June 16, 2022               Respectfully submitted,

/s/ NICOLE HODGE AMEY
Attorney for MK, Plaintiff
PO Box 5100
Oakland, CA 94605