PAGES 1 - 26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VIRGINIA K. DEMARCHI

| | |
|---|---|
| M.K., A MINOR BY AND THROUGH<br>HIS GUARDIAN AD LITEMS BRIAN AND<br>MELANIE KIRKSEY,<br><br>          PLAINTIFF,<br><br>  VS.<br><br>GOOGLE, LLC AND FREMONT UNIFIED<br>SCHOOL DISTRICT,<br><br>          DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 21-CV-08465<br>)<br>)<br>)<br>) SAN JOSE, CALIFORNIA<br>) TUESDAY, JUNE 14, 2022<br>)<br>) |

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  10:43 A.M. - 11:18 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**          LAW OFFICE OF NICOLE HODGE AMEY
                          8033 MAC ARTHUR BOULEVARD, SUITE 5100
                          OAKLAND, CALIFORNIA 94605
                 **BY:  NICOLE HODGE AMEY, ESQUIRE**


**FOR DEFENDANT**          LEONE ALBERTS & DUUS, APC
**FREMONT USD**            1390 WILLOW PASS ROAD, SUITE 700
                          CONCORD, CALIFORNIA 94520
                 **BY:  BRIAN DUUS, ESQUIRE**


**FOR DEFENDANT**          PERKINS COIE LLP
**GOOGLE**                 505 HOWARD STREET, SUITE 1000
                          SAN FRANCISCO, CALIFORNIA 94105
                 BY:  SAMUEL WILSON, ESQUIRE

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI*

```
1   TUESDAY, JUNE 14, 2022                        10:43 A.M.

2

3   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO

4   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER

5   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

6                           ---OOO---

7             ELECTRONICALLY RECORDED PROCEEDINGS

8        THE CLERK:  CALLING CASE 21-8465, M.K. VERSUS GOOGLE,

9   LLC, ET AL., ON FOR THE FREMONT UNIFIED SCHOOL DISTRICT'S

10  MOTION TO DISMISS.

11            COUNSEL, STATE YOUR APPEARANCES FOR THE RECORD,

12  BEGINNING WITH PLAINTIFF.

13        MS. AMEY:  GOOD MORNING, YOUR HONOR.  NICOLE AMEY,

14  ATTORNEY FOR M.K.

15        THE COURT:  GOOD MORNING.

16        MR. DUUS:  GOOD MORNING, YOUR HONOR.  BRIAN DUUS ON

17  BEHALF OF THE FREMONT UNIFIED SCHOOL DISTRICT.

18        THE COURT:  OKAY.  GOOD MORNING.

19        MR. DUUS:  I ALSO HAVE MY DAUGHTER AND --

20        THE COURT:  OKAY.  GREAT.  I ASSUME SHE WILL NOT BE

21  ARGUING.

22        UNIDENTIFIED SPEAKER:  (INDISCERNIBLE.)

23        THE COURT:  OKAY.

24        MR. DUUS:  NOT THIS CASE, YOUR HONOR.

25        MR. WILSON:  SAM WILSON, OF PERKINS COIE FOR
```

1  DEFENDANT, GOOGLE.

2          **THE COURT:**  THANK YOU.  ALL RIGHT.

3          SO THIS IS THE DISTRICT'S MOTION TO DISMISS THE

4  CLAIMS AGAINST THE DISTRICT UNDER RULE 12(B)(6), AND LET ME

5  JUST START BY CONFIRMING THAT I UNDERSTAND THAT THE PLAINTIFF

6  SAYS THAT THEY ARE NOT, AND NEVER WERE, PURSUING CLAIM 1 OR

7  CLAIM 3 AGAINST THE DISTRICT.  IS THAT A FAIR CHARACTERIZATION,

8  MS. AMEY?  I'M CONFIRMING.

9          CLAIM 1 IS --

10         **MS. AMEY:**  YES, TO CLAIM 1.

11         **THE COURT:**  OKAY.

12         **MS. AMEY:**  AND YES FOR CLAIM 3.  (INDISCERNIBLE.)

13         **THE COURT:**  OKAY.  ALL RIGHT.  I JUST WANTED TO MAKE

14  SURE THAT I HAVE THAT CLEAR.  IT WAS NOT VERY CLEAR FROM

15  READING THE COMPLAINT AGAINST WHICH DEFENDANT EACH CLAIM WAS

16  ASSERTED.

17         SO I DO HAVE SOME VERY PARTICULAR QUESTIONS.  I WILL

18  START WITH QUESTIONS FOR THE SCHOOL DISTRICT.

19         SO I'M INTERESTED IN CLAIM 2.  AND LET ME JUST START

20  WITH ASKING WHAT IT MEANS TO BE AN OPERATOR OF AN ONLINE

21  SERVICE APPLICATION OR WEBSITE?  TELLING ME IT GOES WITHOUT

22  SAYING IS NOT VERY HELPFUL, AS I DON'T HAVE ANY CASE LAW ON

23  THAT, AND THE STATUTE ITSELF IS NOT VERY HELPFUL.  IT'S NOT

24  REALLY MEANINGFULLY DEFINED.  IT'S CIRCULARLY DEFINED.  "AN

25  OPERATOR IS AN OPERATOR."  SO HOW WOULD YOU HELP ME UNDERSTAND

1    WHAT AN OPERATOR OF AN ONLINE SERVICE OR APPLICATION OR WEBSITE

2    IS?

3              **MR. DUUS:**  YOUR HONOR, I'M CERTAINLY GOING TO DO

4    THAT, YOUR HONOR.  I WOULD ALSO LIKE TO RAISE AT THIS TIME

5    (INDISCERNIBLE) IN OUR PAPERS, BUT GOOGLE, LLC, HAS ALSO RAISED

6    A PREEMPTION ARGUMENT.

7              **THE COURT:**  YEP.  I SAW THAT.  LET ME GET AN ANSWER

8    TO MY QUESTION FIRST.

9              **MR. DUUS:**  YOUR HONOR, I THINK WHEN YOU'RE LOOKING

10   AT -- I UNDERSTAND WHAT YOU'RE SAYING ABOUT THE DEFINITION IS

11   CIRCULAR.

12             **THE COURT:**  YEP.

13             **MR. DUUS:**  I WANT TO POINT OUT FIRST THAT IN THE

14   COMPLAINT, THE DISTRICT IS NOT ALLEGED TO BE AN OPERATOR.

15             **THE COURT:**  OKAY.

16             **MR. DUUS:**  SO THAT I THINK THAT WOULD BE A NECESSARY

17   ALLEGATION, FIRST AND FOREMOST.

18             IF YOU LOOK AT THE COMPLAINT AT PARAGRAPH 30, GOOGLE

19   IS SPECIFICALLY ALLEGED TO BE AN OPERATOR.  THE DISTRICT IS

20   NOT.

21             **THE COURT:**  AND IF WE LOOK AT CLAIM 2 ITSELF, THEY

22   ALL SEEM DIRECTED TO GOOGLE.  ALL THE ALLEGATIONS SEEM TO BE

23   DIRECTED TO GOOGLE.  OKAY.  SO I TAKE THAT POINT.

24             NEVERTHELESS, WHAT'S AN OPERATOR?

25             **MR. DUUS:**  OKAY.  WELL, I THINK THE OPERATOR IS --

1    THE STATUTE, WHEN YOU'RE LOOKING AT THE STATUTE ITSELF, FOR

2    PURPOSE OF THE STATUTE, OPERATOR MEANS THE OPERATOR.  THAT'S

3    NOT HELPFUL.  I GET THAT.  INTERNET WEBSITE, ONLINE SERVICE,

4    ONLINE APPLICATION, OR MOBILE APPLICATION.  THE FACTUAL

5    KNOWLEDGE THAT (INDISCERNIBLE) APPLICATION IS USED PRIMARILY

6    FOR K-12 SCHOOL PURPOSES AND WAS DESIGNED AND MARKETED FOR K-12

7    SCHOOL PURPOSES.

8             SO I THINK AT LEAST THE LAST PART OF THAT STATUTE

9    MAKES IT CLEAR THAT THIS IS REFERRING TO COMMERCIAL

10   APPLICATIONS OF A WEBSITE OR A SERVICE.  I MEAN, THE DISTRICT

11   CERTAINLY DID NOT DESIGN AND MARKET GOOGLE CLASSROOM.  THAT'S

12   GOOGLE'S ROLE.

13            SO I THINK WHEN YOU'RE LOOKING AT THIS WHOLE OF THE

14   STATUTE, THE TOTALITY OF THE STATUTE, CERTAINLY THE LANGUAGE OF

15   THE STATUTE INDICATES THAT THIS ISN'T SOMEBODY WHO'S JUST USING

16   THE APPLICATION, RIGHT?  AND THAT'S REALLY ALL THE DISTRICT IS

17   DOING.  THEY COULD HAVE GONE ANOTHER KIND OF APPLICATION.  THEY

18   COULD HAVE GONE A DIFFERENT ROUTE, BUT THEY'RE ESSENTIALLY A

19   USER, IN SOME SENSE THE SAME AS THE STUDENT IS.

20            **THE COURT:**  RIGHT.

21            **MR. DUUS:**  RIGHT?  THEY'RE NOT DESIGNING OR MARKETING

22   IT.

23            **THE COURT:**  YEAH.

24            **MR. DUUS:**  SO THAT'S WHERE I THINK THE STATUTE IS

25   (INDISCERNIBLE) NECESSARY.  OKAY.  WE'RE LOOKING AT THE

1    DESIGNERS, THE MARKETERS, THE PEOPLE WHO HAVE CONTROL WHO

2    OPERATE WHAT THE APPLICATION IS.

3              I MEAN, THE DISTRICT CAN CERTAINLY USE IT.  THEY CAN

4    STICK FEATURES ON IT, CERTAINLY ASPECTS OF IT THEY MAY WANT OR

5    NOT WANT, BUT THE PRODUCT ITSELF WAS NOT DESIGNED, MARKETED, OR

6    OPERATED BY THEM.

7              (SIMULTANEOUS COLLOQUY.)

8              **THE COURT:**  JUST A MOMENT.  YOUR ARGUMENT MAKES

9    INTUITIVE SENSE, OF COURSE THAT THE SCHOOL DISTRICT IS A USER,

10   NOT THE SAME KIND OF USER AS THE STUDENTS, BUT IS A USER IN

11   THAT SENSE.  HOWEVER, I THINK THE STATUTORY LANGUAGE THAT

12   YOU'RE POINTING ME TO ISN'T SUPER HELPFUL, BECAUSE PART OF THE

13   DEFINITION OF "OPERATOR" THAT REFERS TO "AND WAS DESIGNED AND

14   MARKETED FOR K-12 SCHOOL PURPOSES" MODIFIES THE PHRASE "WITH

15   ACTUAL KNOWLEDGE THAT..."

16             SO ALL IT WOULD REQUIRE, PRESUMABLY, IS THAT THE

17   OPERATOR, OR WHOEVER IT MAY BE, LET'S SAY THE SCHOOL DISTRICT,

18   WHICH IS PLAINTIFF'S THEORY, HAD ACTUAL KNOWLEDGE THAT IT WAS

19   USED PRIMARILY FOR SCHOOL PURPOSES AND WAS DESIGNED AND

20   MARKETED FOR SCHOOL PURPOSES, NOT THAT THE SCHOOL DISTRICT WAS

21   THE DESIGNER OR THE MARKETER.  THAT'S HOW I READ THAT TEXT

22   ANYWAY.  SO AGAIN, YOU KNOW, I THINK THE LANGUAGE IN THE

23   STATUTE IS NOT PARTICULARLY HELPFUL TO EITHER OF US ON THAT

24   POINT.

25             **MR. DUUS:**  I WOULD ALSO SAY THE STARTING POINT FOR

1    INTERPRETING THE STATUTE IS WHAT MAKES SENSE.  I MEAN YOU DON'T

2    WANT TO READ INTO --

3              **THE COURT:**  YOU MIGHT THINK.

4              **MR. DUUS:**  -- AN ABSURDITY.  AND I WOULD ASK THE

5    COURT TO SAY, OKAY, IF WE ARE GOING TO APPLY THE STATUTE AS AN

6    OPERATOR TO SCHOOL DISTRICTS, THEY'RE USING ALL KINDS OF

7    SOFTWARE AND OTHER APPLICATIONS, AND IT MIGHT FALL WITHIN THE

8    PURVIEW OF THE STATUTE.  IS THAT GOING TO PUT A BURDEN ON THEM,

9    BECAUSE WASN'T IT INTENDED BY THE STATUTE.  (INDISCERNIBLE) OUR

10   ARGUMENT FROM THE OTHER SIDE POINTING THAT THIS STATUTORY

11   LANGUAGE WAS NEVER INTENDED TO APPLY TO A PUBLIC ENTITY SUCH AS

12   A SCHOOL DISTRICT.

13             IT'S JUST TAKING A PRODUCT THAT IN THE REALM OF A

14   MUCH MORE SOPHISTICATED VENDOR, SUCH AS GOOGLE OR ANOTHER

15   VENDOR, PUTTING THAT BURDEN ON THE SCHOOL DISTRICT, THAT'S NOT

16   CONTEMPLATED IN THE LANGUAGE OF THE STATUTE.  IF IT'S

17   (INDISCERNIBLE) I WOULD ARGUE THAT THE FUNDAMENTAL RULE OF

18   STATUTORY CONSTRUCTION WEIGHS IN THE SCHOOL DISTRICT'S FAVOR.

19             **THE COURT:**  IS THERE ANY USEFUL LEGISLATIVE HISTORY

20   ON THIS PROVISION?

21             **MR. DUUS:**  I DON'T KNOW AS I STAND HERE TODAY, YOUR

22   HONOR.

23             **THE COURT:**  OKAY.  JUST WONDERING.

24             ALL RIGHT.  NOW I'D LIKE TO HEAR YOUR PREEMPTION

25   ARGUMENT, BECAUSE I DID -- BOTH PARTIES -- I DID SEE THE MOTION

1   THAT WAS FILED BY GOOGLE, WHICH IS NOT BEFORE ME RIGHT NOW IN

2   THIS HEARING, BUT I DID SEE IT, AND I DID SEE THE PREEMPTION

3   ARGUMENT THAT'S MADE, AND I WOULD LIKE TO HEAR, THOUGH IT'S NOT

4   PART OF YOUR -- YOUR BRIEFING ON BEHALF THE SCHOOL DISTRICT, I

5   WOULD LIKE TO HEAR WHAT YOU HAVE TO SAY ABOUT THAT.

6          **MR. DUUS:**  YOUR HONOR, ADMITTEDLY, THAT WAS AN

7   OVERSIGHT ON OUR PART.  IT SHOULD HAVE BEEN -- I THINK IT'S A

8   JURISDICTIONAL ARGUMENT AND (INDISCERNIBLE) AND RAISE IT AT ANY

9   TIME.

10          BUT THE CASE LAW CITED BY GOOGLE IN THEIR FAVOR AND

11  THE STATUTE ITSELF MAKE CLEAR THE CHILD ONLINE PRIVACY

12  PROTECTION ACT, COPPA, WAS INTENDED TO CONNECT STATE LAW

13  THAT -- EITHER CONFLICTING WITH IT OR WAS SUBSUMED BY IT.  I

14  MEAN, THAT MAKES SENSE WHEN YOU THINK ABOUT COPPA APPLYING TO

15  THE ENTIRE NATION, AND SOPIPA, OF COURSE, ONLY BEING A

16  CALIFORNIA-SPECIFIC STATUTE.

17          SO THE IMPORTANT PART OF THAT IS THAT COPPA, BY ITS

18  OWN TERMS, ONLY APPLIES TO BUSINESSES, WHICH PLAINLY THE SCHOOL

19  DISTRICT IS NOT.  I'M SORRY -- COPPA ALLOWS FOR VIOLATION OF IT

20  ONLY BY THOSE ENGAGED IN BUSINESS-TYPE ACTIVITY.

21          SO THE SCHOOL DISTRICT -- THERE IS NO ALLEGATION THAT

22  THE SCHOOL DISTRICT WAS ENGAGED IN ANY COMMERCIAL ACTIVITIES

23  ASSUMING, AS WE BELIEVE, THAT COPPA PREEMPTION APPLIES, THAT

24  WOULD NEGATE THE SOPIPA CLAIM, THE FAILURE TO PROTECT CLAIM,

25  AND THE PRIVACY CLAIM, BECAUSE THEY ALL ARISE FROM THE SAME

1  NUCLEUS.

2              THE COURT:  SO LET ME PAUSE YOU THERE.

3              I THINK THE WAY THIS WOULD WORK IS IF -- WELL, THE

4  WAY PREEMPTION WOULDN'T WORK IS IF SOPIPA WERE CONSTRUED TO

5  APPLY TO SOMEONE IN THE SCHOOL DISTRICT, I.E., NOT A BUSINESS,

6  BUT SOMEONE WHO HAS PURCHASED OR TAKEN -- NOT PURCHASED IN THIS

7  SITUATION BECAUSE IT'S FREE, BUT IT HAS ADOPTED THIS SOFTWARE

8  APPLICATION AS THE VEHICLE BY WHICH TO CONDUCT CLASSROOM

9  INSTRUCTION REMOTELY, AND IS THEREBY AN OPERATOR OF THAT

10  APPLICATION, TAKING IT OUT OF THE DOMAIN OF COPPA, WHICH WOULD

11  NOT APPLY, WOULD IT -- WOULD THE PREEMPTION ARGUMENT THEN BREAK

12  DOWN, IN OTHER WORDS, SO COPPA WOULD NOT BE PREEMPTIVE OF

13  SOPIPA IN THAT SITUATION?

14              MR. DUUS:  I HAVE TO CONFESS, YOUR HONOR.  COULD YOU

15  REPEAT THE QUESTION?

16              THE COURT:  IT'S A LITTLE BIT COMPLICATED.  I THINK

17  THE PREMISE OF YOUR PREEMPTION ARGUMENT IS COPPA APPLIES TO

18  BUSINESSES.

19              (SIMULTANEOUS COLLOQUY.)

20              MR. DUUS:  COPPA APPLIES TO BUSINESSES.  COPPA

21  CERTAINLY APPLIES TO THE CONDUCT ALLEGED HERE WOULD BE VIOLATED

22  BY A BUSINESS, WHICH THE DISTRICT IS NOT.

23              THE COURT:  IT MAY NOT BE A -- SO WHAT I'M TRYING TO

24  SAY IS THAT'S IF I ADOPT YOUR THESIS ABOUT WHAT SOPIPA COVERS,

25  WHO AN OPERATOR IS.  YOU'RE SAYING THE SCHOOL DISTRICT CAN'T BE

1    AN OPERATOR UNDER THE STATUTE.  IF YOU'RE WRONG ABOUT THAT AND

2    THE SCHOOL DISTRICT COULD BE AN OPERATOR UNDER THE STATUTE,

3    SOPIPA, THEN WHY WOULD THERE BE PREEMPTION BY COPPA?

4           **MR. DUUS:**  BECAUSE THE KIND OF PRODUCT THAT'S ALLEGED

5    WITHIN THE COMPLAINT FALLS WITHIN THE AMBIT OF COPPA.

6           **THE COURT:**  OKAY.  WOULD YOU CARE TO ELABORATE?

7           **MR. DUUS:**  YEAH, I MEAN I'M READING -- THESE ARE NOT

8    MY CLEVER ARGUMENTS.  I'M READING FROM GOOGLE'S PAPERS:

9                        "THE CLAIMS THAT ARISE FROM THE

10                   ALLEGED CONDUCT, THE UNCONSENTED ONLINE

11                   COLLECTION OF DATA FROM A CHILD IS

12                   EXCLUSIVELY GOVERNED BY COPPA."

13          SO AT ISSUE HERE IS PLAINTIFFS SAYING, OKAY, YOU

14    UNAUTHORIZEDLY COLLECTED PERSONAL INFORMATION ABOUT ME -- AND,

15    YOU KNOW, ONE THING I HAVE TO EMPHASIZE, FOR PLAINTIFF'S

16    FAILURE TO -- FAILURE TO PROTECT AND THE PRIVACY ARGUMENT, THEY

17    RELY ON COPPA AS THE AUTHORIZING STATUTE.  REMEMBER, IN

18    CALIFORNIA, OF COURSE, A PUBLIC ENTITY, YOU NEED AN AUTHORIZING

19    STATUTE.  THE ONLY ONE THEY SITE TO IS COPPA.

20          SO WHAT DOES COPPA PROHIBIT?  IT PROHIBITS THE

21    UNAUTHORIZED COLLECTION OF INFORMATION ABOUT A CHILD WHO'S

22    ONLINE.  SO THAT IS THE REASON I DON'T THINK THE PREEMPTION

23    ARGUMENT BREAKS DOWN.

24          **THE COURT:**  OKAY.

25          **MR. DUUS:**  EVEN ASSUMING THE DISTRICT IS AN OPERATOR.

1          **THE COURT:**  OKAY.  GOT IT.  ALL RIGHT.  THOSE ARE THE

2    PRINCIPAL QUESTIONS I HAD FOR YOU BASED ON THE BRIEFING, WHICH

3    I OTHERWISE FOUND RELATIVELY STRAIGHTFORWARD FROM THE SCHOOL

4    DISTRICT.  IS THERE ANYTHING YOU WOULD LIKE TO ARGUE FURTHER

5    THAT YOU WOULD LIKE TO PARTICULARLY CALL MY ALLEGATION TO?

6          **MR. DUUS:**  I ALSO WANT TO ADOPT THE ARGUMENT RAISED

7    IN GOOGLE'S PAPERS THAT THERE ISN'T A PRIVATE RIGHT OF ACTION

8    UNDER SOPIPA.

9          **THE COURT:**  ALL RIGHT.  WELL, PREVIEWING THAT, THE

10   PRIVATE RIGHT OF ACTION, I BELIEVE, IS BASED ON THE UCL, BUT

11   BECAUSE --

12         **MR. DUUS:**  WHICH DOES NOT APPLY TO THE DISTRICT.

13         **THE COURT:**  -- AS I BELIEVE THE PLAINTIFF WILL

14   CONCEDE, THE DISTRICT CAN'T BE SUBJECT TO LIABILITY UNDER THE

15   UCL, I THINK THAT IN THE END IT COMES OUT THE SAME WAY, THAT

16   THERE CAN'T BE A PRIVATE RIGHT OF ACTION.  BUT I WILL GIVE

17   MS. AMEY AN OPPORTUNITY TO ADDRESS THAT ISSUE.  BUT, YES, I DID

18   NOTE THAT AS WELL.  ALL RIGHT.  THANK YOU.

19         SO LET ME JUST START WITH AN OBSERVATION, WHICH IS I

20   FOUND THE OPPOSITION NOT VERY HELPFUL.  IT WAS EXTREMELY

21   CURSORY, COMPLETELY LAW FREE, AND SO I'M COMING TO THIS HEARING

22   WITHOUT BENEFIT OF THE WRITTEN VIEWS THAT THE PLAINTIFF MIGHT

23   HAVE.

24         BEFORE I GET THERE, THOUGH, I DID SEE THAT THERE WAS

25   A GUARDIAN AD LITEM MOTION THAT WAS FILED.  I THINK I NEED TO

1   DECIDE THAT BEFORE WE CAN PROCEED TO RESOLUTION ON THIS MOTION

2   OR ANY OTHER PENDING MOTION.  DO YOU AGREE?

3           **MS. AMEY:**  YES, YOUR HONOR.

4           **THE COURT:**  OKAY.  I'M NOT SURE THAT MOTION IS

5   SUFFICIENT.  IT'S ALSO VERY THIN.  BUT I'M GOING TO TAKE A LOOK

6   AT THAT.  THERE'S JUST NOT -- I'M NOT SURE THAT YOU'VE SHARED

7   WITH ME ALL THE THINGS YOU NEED TO SHARE WITH ME IN SUPPORT OF

8   WHAT I NEED TO EVALUATE.  BUT I WILL TAKE A LOOK AT IT.  I'M

9   GOING TO GO AHEAD AND HEAR ARGUMENT BECAUSE YOU BOTH ARE HERE,

10  AND IT DID NOT OCCUR TO ME THIS WAS A PROBLEM UNTIL, FRANKLY,

11  YESTERDAY WHEN I WAS REVIEWING SOME OF THE MATERIALS, THAT WE

12  HAD SKIPPED THIS STEP OF APPOINTING A GUARDIAN AD LITEM.

13          SO I WOULD LIKE TO HEAR FROM YOU.  LET'S START WITH

14  THE QUESTION OF THE SOPIPA ISSUE.  I ASSUME, MS. AMEY, YOU'VE

15  SEEN THE SAME ARGUMENTS THAT ARE IN GOOGLE'S MOTION, WHICH,

16  AGAIN, IS NOT EXPRESSLY BEFORE ME HERE, BUT HAS BEEN RAISED NOW

17  BY THE DEFENSE, THE PREEMPTION ARGUMENT, AND ALSO THE UCL

18  ARGUMENT, MEANING THE ONLY WAY THAT SOPIPA CREATES A PRIVATE

19  RIGHT OF ACTION, OR SUPPORTS A PRIVATE RIGHT OF ACTION, IS VIA

20  THE UCL, AND THE SCHOOL DISTRICT IS NOT -- IS NOT LIABLE --

21  CANNOT BE LIABLE UNDER THE UCL THEORY.  SO IT SEEMS TO ME CLAIM

22  2, NO MATTER HOW YOU SLICE IT, IS OUT OF THE CASE.

23          **MS. AMEY:**  I DON'T THINK SO, YOUR HONOR.  I BELIEVE

24  THAT THE CALIFORNIA CONSUMER PRIVACY ACT WOULD GIVE US A

25  PRIVATE RIGHT OF ACTION, AS IT CAN BE BROUGHT WHEN A PERSON HAS

1    ALLEGED A SECURITY BREACH.

2            **THE COURT:**   OKAY.  BUT THAT'S AN ARGUMENT THAT YOU

3    MAKE IN SUPPORT OF CLAIM 4, WHICH IS YOUR NEGLIGENCE, FAILURE

4    TO PROTECT CLAIM.  I'M TALKING ABOUT CLAIM 2, WHICH IS BASED ON

5    SOPIPA.  AND THE ARGUMENT IS, ONE, THERE'S NO PRIVATE RIGHT OF

6    ACTION THAT COULD BE BROUGHT -- THAT COULD SUPPORT A CLAIM

7    AGAINST THE SCHOOL DISTRICT.  THAT'S ONE ARGUMENT.  THE OTHER

8    ARGUMENT IS, REGARDLESS, SOPIPA IS PREEMPTED BY COPPA.

9            **MS. AMEY:**   I DON'T THINK SOPIPA IS PREEMPTED, AND

10   THAT IS BECAUSE OUR ISSUE IN THE COMPLAINT, YES, WE ARE -- HAVE

11   ALLEGED THAT THE DEFENDANTS COLLECTED THE PRIVATE AND PERSONAL

12   INFORMATION OF THE CHILD.  BUT WE'VE ALSO ALLEGED THAT THEY

13   HAVE COLLECTED COMMUNICATIONS BETWEEN THE CHILD, HIS PEERS, AND

14   THE STAFF, WHICH IS NOT SOMETHING THAT IS COVERED UNDER COPPA.

15   IT'S NOT REGULATED BY COPPA WHEN YOU'RE COLLECTING THE BACK AND

16   FORTH COMMUNICATIONS.

17           **THE COURT:**   OKAY.  I AM A LITTLE BIT CONFUSED BY YOUR

18   ARGUMENT AND HOW IT CONNECTS TO THIS CLAIM 2, BECAUSE CLAIM 2

19   IS SPECIFICALLY UNDER SOPIPA, AND I DON'T SEE HOW IT RELATES TO

20   COMMUNICATION.

21           LET ME JUST PAUSE AND SAY, MS. AMEY, I APPRECIATE YOU

22   HAVE NOT HAD AN OPPORTUNITY TO BRIEF IN ISSUE AT ALL, AND IT

23   MAY BE UNFAIR FOR ME TO ASK YOU THESE QUESTIONS.  I'M HAPPY TO

24   GIVE YOU THE OPPORTUNITY TO BRIEF THE PREEMPTION QUESTION AND

25   THE ARGUMENT ABOUT THE UCL BEING THE ONLY VEHICLE FOR PRIVATE

1    RIGHT OF ACTION UNDER SOPIPA AGAINST THE SCHOOL DISTRICT AND

2    THE UNAVAILABILITY OF THAT CLAIM.

3           BOTH OF THOSE ISSUES WERE NOT RAISED IN THE BRIEFING

4    ON THIS MOTION, AND IF YOU NEED AN OPPORTUNITY TO DO THAT

5    BEFORE I ADDRESS IT, I'M HAPPY TO GIVE THAT TO YOU, BECAUSE

6    THAT'S ONLY FAIR.  SO IF YOU'RE NOT PREPARED TO ADDRESS THOSE

7    ARGUMENTS TODAY, I WANT TO TELL YOU YOU CAN LET ME KNOW THAT.

8           **MS. AMEY:**  RIGHT.  SO I AM NOT PREPARED TO ADDRESS

9    PREEMPTION REGARDING THE SCHOOL DISTRICT --

10          **THE COURT:**  OKAY.

11          **MS. AMEY:**  -- REGARDING THE COPPA ISSUE.  BECAUSE I

12   HAVE BEEN WORKING ON THE ISSUE FOR GOOGLE --

13          **THE COURT:**  OKAY.

14          **MS. AMEY:**  -- I HAVEN'T BEEN WORKING ON IT FOR --

15          **THE COURT:**  WELL, WOULD YOU LIKE AN OPPORTUNITY TO

16   SUBMIT A SUPPLEMENTAL BRIEF ON THIS ISSUE FOR PURPOSES OF THE

17   DISTRICT'S MOTION TO DISMISS?

18          **MS. AMEY:**  YES, YOUR HONOR.

19          **THE COURT:**  OKAY.  DO YOU WANT TO DO THAT AT THE SAME

20   TIME YOU RESPOND TO GOOGLE'S MOTION?

21          **MS. AMEY:**  YEAH, THAT WOULD WORK.  I RESPOND TO

22   GOOGLE ON THURSDAY, SO, YES.

23          **THE COURT:**  THIS THURSDAY?

24          **MS. AMEY:**  MM-HMM.

25          **THE COURT:**  ANY OBJECTION TO THAT ON BEHALF OF THE

1    DISTRICT?

2            **MR. DUUS:**  NO, YOUR HONOR.  COULD WE SUBMIT A REPLY

3    BRIEF TO THAT?

4            **THE COURT:**  I MEAN, I'M HAPPY TO BE FULLY INFORMED ON

5    THE ISSUE SINCE IT IS RAISED.  SO I WOULD BENEFIT FROM THAT.

6    ANY OBJECTION FROM THE PLAINTIFF, MS. AMEY?

7            **MS. AMEY:**  ABOUT THE REPLY BRIEF?

8            **THE COURT:**  YEAH.

9            **MS. AMEY:**  YES.

10           **THE COURT:**  WHAT'S YOUR BASIS FOR AN OBJECTION?

11           **MS. AMEY:**  I FEEL LIKE IF THEY'RE GOING TO DO A REPLY

12   BRIEF, THEY SHOULD BRIEF THE ISSUES AND I REPLY TO THAT.

13           **THE COURT:**  SO YOU WOULD PREFER THEM TO GO FIRST,

14   WRITE A WRITTEN MOTION ON THE PREEMPTION AND UCL ISSUES, AND

15   THEN GIVE YOU AN OPPORTUNITY TO OPPOSE AND THEN HAVE A REPLY?

16   THAT'S WHAT YOU WOULD PREFER?  SO MORE BRIEFING?

17           ALL RIGHT.  I WILL GIVE THE PARTIES A BRIEFING

18   SCHEDULE.  DOES THE DISTRICT OBJECT TO MORE BRIEFING RATHER

19   THAN LESS ON THIS ISSUE?

20           **MR. DUUS:**  NO, YOUR HONOR.

21           **THE COURT:**  I DON'T THINK IT'S NECESSARY, BUT, YOU

22   KNOW, I'M HAPPY TO GIVE YOU THE BENEFIT OF HAVING THE DISTRICT

23   LAY ITS ARGUMENTS OUT SO YOU CAN OPPOSE THEM.

24           (SIMULTANEOUS COLLOQUY.)

25           **MR. DUUS:**  YOUR HONOR, IF THE COURT DOESN'T THINK

1   IT'S NECESSARY, I'M HAPPY TO JUST WITHDRAW THE REQUEST FOR A

2   REPLY BRIEF, JUST TO GO AHEAD WITH THE BRIEFING AT THIS STAGE.

3           **THE COURT:**  ALL RIGHT.  HOW ABOUT THAT?

4           **MS. AMEY:**  THAT'S FINE.

5           **THE COURT:**  JUST AN OPPOSITION TO THE ARGUMENTS THAT

6   HAVE BEEN RAISED.

7           **MS. AMEY:**  YES.

8           **THE COURT:**  THAT'S SIMPLER.  I APPRECIATE THAT

9   ACCOMMODATION.  THANK YOU.  THAT WILL DUE BY THURSDAY.

10          **MS. AMEY:**  THAT WOULD BE ON ISSUE 2 AND 4?

11          **THE COURT:**  WELL, IT'S CLAIM 2 -- THE PREEMPTION

12  ISSUE -- WELL, THE PREEMPTION ISSUE IS BROADER THAN CLAIM 2,

13  HONESTLY.  SO YOU CAN -- YOU CAN ASSUME, AS I UNDERSTAND THE

14  DISTRICT, THAT THE PREEMPTION ISSUE APPLIES TO ALL OF THE

15  REMAINING CLAIMS; IS THAT NOT CORRECT?

16          **MR. DUUS:**  CORRECT, YOUR HONOR.

17          **THE COURT:**  OKAY.  SO THAT'S THE CONTENTION THE

18  DISTRICT IS MAKING NOW.  THE UCL ISSUE, I BELIEVE, RELATES ONLY

19  TO CLAIM 2 BECAUSE THAT'S SPECIFIC TO SOPIPA, SO IT'S AN

20  ALTERNATIVE ARGUMENT THAT IS ADDRESSED ONLY TO CLAIM 2.

21          OKAY.  SO IF YOU COULD ADDRESS BOTH OF THOSE IN YOUR

22  SUPPLEMENTAL BRIEF DUE THURSDAY, I WOULD VERY MUCH APPRECIATE

23  THAT.

24          **MS. AMEY:**  THANK YOU.

25          **THE COURT:**  OKAY.

1          **MR. DUUS:**  YOUR HONOR, I THOUGHT THAT PLAINTIFF HAD

2     CONCEDED THE UCL --

3          **THE COURT:**  YES, YOU ARE QUITE CORRECT, BUT THAT WAS

4     IN THE CONTEXT OF THE ARGUMENT BASED ON ONE OF THE -- EXPRESSLY

5     BASED ON CLAIM 3, SO I JUST -- I THINK YOU'RE RIGHT.  I WOULD

6     LIKE TO GIVE MS. AMEY AN OPPORTUNITY TO ADDRESS THAT POINT TO

7     SEE IF THERE'S ANY BASIS FOR DISAGREEMENT SINCE THAT WAS A

8     SURPRISE TO HER.  OKAY.

9          MS. AMEY, IT WOULD BE HELPFUL TO ME, IN UNDERSTANDING

10    YOUR CLIENT'S POSITION ON CLAIM 2, IF YOU COULD ARTICULATE MORE

11    PRECISELY WHAT IT IS -- WHAT IS THE ONLINE SERVICE, OR WEBSITE,

12    OR APPLICATION THAT YOUR COMPLAINT PUTS AT ISSUE FOR CLAIM 2,

13    BECAUSE, YOU KNOW, I THINK THAT THE DISTRICT IS QUITE RIGHT,

14    THAT THE ALLEGATIONS AS FRAMED IN THE COMPLAINT ARE SPECIFIC TO

15    GOOGLE AND GOOGLE'S APPLICATION.

16         SO I'M HAVING TROUBLE UNDERSTANDING YOUR ARGUMENT

17    THAT THE DISTRICT IS AN OPERATOR OF THE ONLINE APPLICATION

18    GOOGLE CLASSROOM AND THAT GOOGLE IS AN OPERATOR OF SOME OTHER

19    ONLINE SERVICE AND PORTION OF THE APPLICATION.  THAT IS NOT

20    DESCRIBED IN YOUR COMPLAINT, AND IT'S NOT CLEAR IN YOUR VERY,

21    VERY ABBREVIATED PAPERS IN OPPOSITION.  SO WHAT DO YOU MEAN?

22         **MS. AMEY:**  WELL, THE GOOGLE PLATFORM IS BUILT BY

23    GOOGLE.  ONCE IT ENTERS INTO THE CLASSROOM, THE TEACHERS AND

24    THE STAFF HAVE THE ABILITY TO CONTROL IT.  SO IF THE STUDENT IS

25    LOOKING AT SOMETHING, THEY'RE LOOKING AT (INDISCERNIBLE) PAGE,

1    THE TEACHER HAS AN ABILITY TO CLOSE THAT OUT.  THE TEACHERS

2    HAVE THE ABILITY TO SEE WHAT THE CHILDREN ARE TYPING, SEE

3    THEY'RE ON TASK.

4         **THE COURT:**  BUT ANY USER OF THE APPLICATION WOULD

5    HAVE THAT SAME ABILITY.  SO YOU COULD TALK ABOUT ANY

6    APPLICATION THAT'S MADE AVAILABLE, EITHER ONLINE OR IN SOME

7    OTHER FASHION, AND THE USER HAS THE OPPORTUNITY OR ABILITY TO

8    MANIPULATE THE APPLICATION TO USE ITS FUNCTIONS, ITS FEATURES,

9    ALL OF IT.

10        SO HOW IS THE -- IN THIS CONTEXT, HOW IS THE SCHOOL

11   DISTRICT DISTINCT FROM JUST THE EXPECTED USER OF THE

12   APPLICATION, AND WHAT MAKES IT AN OPERATOR OF THE APPLICATION

13   UNDER THE STATUTE?

14        **MS. AMEY:**  SO THE CHILD IS USING THE APPLICATION, BUT

15   THE TEACHER IS CONTROLLING --

16        **THE COURT:**  ALSO USING THE APPLICATION.

17        **MS. AMEY:**  THE TEACHER AND STUDENT IS ALSO USING THE

18   APPLICATION, AND THE TEACHER IS CONTROLLING WHAT THE CHILD IS

19   USING.  SO THE TEACHER IS ABLE TO CONTROL WHAT THE CHILD IS

20   DOING, WHICH MAKES THEM THE OPERATOR OF IT.

21        **THE COURT:**  HOW DOES THAT MAKE THEM THE OPERATOR

22   UNDER THE STATUTE?

23        **MS. AMEY:**  BECAUSE THE OPERATOR IS THE PERSON

24   OPERATING THE SYSTEM, AND THAT WOULD BE THE TEACHER.

25        **THE COURT:**  WHERE DO YOU GET THAT FROM THE STATUTE?

1        **MS. AMEY:**  JUST THAT IT IDENTIFIES AS THE OPERATOR.

2        **THE COURT:**  OKAY.  I HAD THIS WHOLE COLLOQUY WITH THE

3   DISTRICT ABOUT THE STATUTORY DEFINITION.  IT WAS VERY

4   UNHELPFUL.  SO DO YOU HAVE ANYTHING MORE TO HELP SO --

5        (SIMULTANEOUS COLLOQUY.)

6        **MS. AMEY:**  SO FOR ME, I ASKED THE PEOPLE WHO

7   DEVELOPED THE SITE -- WELL, NOT THE ACTUAL SITE, BUT WHO

8   DEVELOP THESE TYPES OF SITES, AND I ASKED THEM, LIKE, IS THIS

9   AN OPERATOR?  THEY SAID WE CONSIDER THAT TO BE AN OPERATOR,

10  BECAUSE IF THE TEACHERS CAN DO THESE FUNCTIONS, TURN IT OFF

11  TURN IT ON, TURN THINGS OFF.

12       **THE COURT:**  SO YOU'RE JUST ASKING RANDOM PEOPLE IN

13  THE WORLD WHO ARE NOT -- THERE'S NO ALLEGATION IN THE

14  COMPLAINT.  THERE'S NO DECLARATION.  THERE'S NO ANYTHING.  SO

15  YOU'RE JUST TELLING ME THIS IS LIKE THE PROCESS YOU WENT TO --

16       **MS. AMEY:**  YOU KNOW, THE STATUTE DOESN'T GIVE A LOT

17  OF DEFINITION FOR AN OPERATOR, SO THE ONLY -- IN ORDER TO

18  IDENTIFY WHO THE OPERATOR WAS, I HAD TO ASK THE PEOPLE WHO

19  DEVELOPED THAT SITE, DOES THIS IDENTIFY AS AN OPERATOR.

20       **THE COURT:**  OKAY.  LET ME ASK YOU ABOUT CLAIM 4.  I

21  REALLY DON'T UNDERSTAND THIS CLAIM AS IT'S EXPLAINED IN YOUR

22  OPPOSITION AND AS PLED IN THE COMPLAINT.  THE DISCUSSION IS WAY

23  TOO ABBREVIATED.  IT'S NOT RESPONSIVE TO THE DISTRICT'S MOTION.

24       THE MOST I CAN GLEAN IS THAT THE DISTRICT GAVE

25  CONSENT TO SOMETHING AND TO GOOGLE, MAYBE, OR ACCESS TO THE

1    EDUCATION ENVIRONMENT, WHICH UTILIZES DATA FOR COMMERCIAL

2    PURPOSE.  THERE'S NO STATUTE THAT'S CITED THAT CREATES A DUTY.

3    ARE YOU EVEN RELYING ON A DUTY THAT THE DISTRICT OWED TO M.K.?

4    WHAT IS THE DUTY?  WHERE IS IT SOURCED?  I CAN'T DISCERN ANY OF

5    THAT FROM THE COMPLAINT OR YOUR OPPOSITION, FRANKLY.

6          **MS. AMEY:**  WELL, THE LAW OF COPPA GIVES THE DISTRICT

7    (INDISCERNIBLE) ENTITIES A DUTY TO DO CERTAIN THINGS TO PROTECT

8    PRIVACY OF THE CHILD.

9          **THE COURT:**  SO IF YOU'RE RELYING ON COPPA AS THE

10   SOURCE OF THE DUTY, WHY DOESN'T COPPA COMPLETELY PREEMPT?

11         **MS. AMEY:**  BECAUSE IT'S NOT -- COPPA GIVES THEM THE

12   RESPONSIBILITY, BUT COPPA IS NOT -- COPPA (INDISCERNIBLE) GIVES

13   THEM RESPONSIBILITY, BUT BECAUSE IT MIGHT -- AND MY ARGUMENT IS

14   THAT THE COLLECTION OF COMMUNICATIONS AND COLLECTION OF THE

15   BIOMETRIC DATA IS NOT REGULATED BY COPPA --

16         **THE COURT:**  WHAT BIOMETRIC DATA?

17         **MS. AMEY:**  THE BIOMETRIC DATA --

18         **THE COURT:**  WHAT BIOMETRIC DATA IS BEING COLLECTED BY

19   THE SCHOOL DISTRICT?  I DON'T FIND THAT ANYWHERE.  IT'S LIKE,

20   THERE'S A STATEMENT THAT IT IS COLLECTED BY GOOGLE AND OTHERS.

21   AND WHAT ARE YOU TALKING ABOUT.

22         **MS. AMEY:**  SO IN THIS CASE, HOW LONG IT TAKES A

23   STUDENT TO ANSWER THE QUESTION.

24         **THE COURT:**  THAT'S BIOMETRIC DATA.

25         **MS. AMEY:**  YES.

1      **THE COURT:**  IF COPPA CREATES THE DUTY WITH RESPECT TO

2  THAT OR COMMUNICATIONS, THEN I DON'T UNDERSTAND WHY COPPA

3  DOESN'T COMPLETELY PREEMPT, BUT MAYBE YOU WILL TELL ME THE

4  ANSWER TO THAT QUESTION.

5      IF COPPA DOESN'T CREATE THE DUTY BECAUSE IT DOESN'T

6  ADDRESS THINGS LIKE COMMUNICATIONS, WHICH IS WHAT I THOUGHT YOU

7  TOLD ME EARLIER, THEN I DON'T SEE WHAT THE SOURCE IS OF THE

8  SCHOOL DISTRICT'S ALLEGED DUTY THAT WAS THEN BREACHED.

9      **MS. AMEY:**  I UNDERSTAND THAT.

10     SO IT IS OUR ARGUMENT THAT COPPA DOESN'T REGULATE THE

11  BIOMETRIC DATA OR THOSE COMMUNICATIONS, CORRECT.  BUT ALSO

12  (INDISCERNIBLE) BOTH ARGUMENTS GOOGLE (INDISCERNIBLE) BUT THE

13  FAILURE TO PROTECT, I BELIEVE, CAN EXIST EVEN THOUGH COPPA

14  PREEMPTS THAT CLAIM UNDER COPPA.  BECAUSE THIS IS NOT A COPPA,

15  CLAIM, THE FAILURE TO PROTECT, IS ITS OWN INDIVIDUAL CLAIM, BUT

16  COPPA TELLS THE DISTRICT OR THE ENTITIES THEY HAVE TO PROTECT

17  THE CHILD.

18     **THE COURT:**  ALL RIGHT.  HOW DO YOU -- HOW DO YOU DEAL

19  WITH THE CALIFORNIA GOVERNMENT CODE PROVISIONS THAT REQUIRE

20  THAT IF YOU'RE GOING TO BRING A TORT CLAIM, YOU HAVE TO HAVE

21  SOME STATUTORY BASIS, OR YOU HAVE TO FIT IN, AT LEAST, WITH THE

22  PROVISION AND THE EXCEPTIONS TO THOSE IN GOVERNMENT CALIFORNIA

23  CODE 815 AND THE SECTIONS THAT FOLLOW?

24     **MS. AMEY:**  I AGREE WITH THAT.  AND I WOULD ALSO ASK

25  FOR LEAVE TO AMEND TO ADD AN ADA, AMERICANS WITH DISABILITIES

1 ACT --

2      **THE COURT:**  I'M GOING TO GET TO THAT IN A MOMENT

3 BECAUSE I SAW THAT ONE LINE IN YOUR OPPOSITION.  BUT IT SEEMS

4 TO ME LIKE THAT IS COMPLETELY -- THAT WOULD BE A TOTALLY

5 DIFFERENT CLAIM.

6      SO TALKING ABOUT THE NEGLIGENCE/FAILURE TO PROTECT

7 CLAIM THAT YOU ACTUALLY HAVE PLED AS CLAIM 4, I DON'T SEE HOW

8 YOU AVOID THE PROHIBITIONS ON SUING A PUBLIC ENTITY WITHOUT

9 IDENTIFYING STATUTORY SOURCE OF SOME DUTY THAT WAS BREACHED.

10      **MS. AMEY:**  BUT I BELIEVE THE CALIFORNIA PRIVACY ACT

11 GIVES US AN INDEPENDENT SOURCE.

12      **THE COURT:**  BUT YOU HAVEN'T PLED SUCH A CLAIM.

13 HERE'S THE PROBLEM:  IF THERE IS A VIOLATION OF A STATUTE THAT

14 THE PUBLIC ENTITY IS SUBJECTED TO -- IS BOUND BY, THEN PLEAD A

15 CLAIM.

16      BUT IF THE PUBLIC ENTITY IS IMMUNE FROM LIABILITY OR

17 IT'S NOT WITHIN THE SCOPE OF THAT PARTICULAR STATUTE, THEN I

18 DON'T SEE HOW YOU COULD JUST CALL IT SOMETHING ELSE AND SAY

19 THAT IT HAS -- THE DISTRICT HAS AN OBLIGATION THAT ARISES FROM

20 THAT STATUTE THAT DOESN'T APPLY TO THEM.

21      SO DO YOU SEE WHAT I'M SAYING?  YOU CAN'T JUST SAY,

22 HERE'S THE STATUTE OVER HERE, AND THAT MEANS I CAN PLEAD A

23 NEGLIGENCE CLAIM.  THAT DOESN'T WORK.

24      **MS. AMEY:**  OKAY.  AND MY COMPLAINT DOES HAVE A

25 CALIFORNIA CIVIL PRIVACY RIGHT, THERE'S NO CLAIM OF IT

1    (INDISCERNIBLE) COMPLAINT.

2              **THE COURT:**  IT'S NOT A CLAIM, RIGHT, SO IT'S CITED AS

3    A SOURCE OF SOME DUTY THAT IS NOT ELABORATED UPON.

4              OKAY.  SO LET ME -- AND THE FACT THAT THAT ALLEGATION

5    COMES UP IN CLAIM 5, WHICH HAS TO DO WITH THE CALIFORNIA

6    CONSTITUTIONAL RIGHT OF PRIVACY, THAT CLAIM, THE ALLEGATIONS IN

7    THAT CLAIM REFER EXCLUSIVELY TO GOOGLE'S CONDUCT, NOT THE

8    DISTRICT'S CONDUCT.

9              SO THERE'S A MISMATCH AGAIN BETWEEN WHAT YOU SAY IN

10   YOUR OPPOSITION AND WHAT YOU SAY HERE AND THE ACTUAL

11   ALLEGATIONS OF THE COMPLAINT, WHICH I FIND SOMEWHAT

12   PROBLEMATIC.  BUT LET ME TURN TO THE MATTER YOU RAISED JUST A

13   MOMENT AGO, WHICH IS A ONE-LINE REQUEST TO ADD AN ADA CLAIM.

14             THERE IS NO SUPPORT ANYWHERE IN YOUR PAPERS FOR

15   AMENDMENT TO ADD AN ADA CLAIM.  ALL I'M GOING TO SAY ABOUT THAT

16   IS THAT THE PLAINTIFF NEEDS TO COMPLY WITH THE FEDERAL RULES OF

17   CIVIL PROCEDURE IF YOU WISH TO AMEND YOUR COMPLAINT TO ADD NEW

18   ALLEGATIONS OR NEW CLAIMS.

19             SO I'M DEALING WITH THE CLAIMS THAT ARE PRESENT HERE,

20   AND JUST A ONE-LINE REQUEST THAT SAYS, LET ME ADD AN ADA CLAIM,

21   IS NOT COMPLIANT.  SO I DON'T FEEL LIKE IT'S APPROPRIATE FOR ME

22   TO ADDRESS IT.  I'M GOING TO TELL YOU HOW TO DO IT OR WHETHER

23   IT CAN BE DONE, BUT YOU NEED TO COMPLY WITH THE FEDERAL RULES

24   IF YOU WANT TO AMEND YOUR COMPLAINT.

25             **MS. AMEY:**  YOUR HONOR, THE FIFTH ISSUE, I DO BELIEVE

1   I (INDISCERNIBLE) DISTRICT IN THERE.

2           **THE COURT:**  OKAY.  POINT ME TO THE ALLEGATIONS YOU

3   ARE REFERRING TO.

4           **MS. AMEY:**  PARAGRAPH (INDISCERNIBLE).

5           **THE COURT:**  YES.  YOU PUT THEM TOGETHER IN THE SAME

6   SENTENCE, BUT THE CONDUCT THAT'S ACTUALLY -- THE FACTUAL

7   ALLEGATIONS THAT ARE ALLEGED OR THAT ARE PLEADED TO SUPPORT

8   THIS CLAIM ALL HAVE TO DO WITH GOOGLE SPECIFICALLY.  SO IT'S

9   GOOGLE'S CONDUCT THAT IS ELABORATED ON IN THE PARAGRAPHS THAT

10  FOLLOW FROM PARAGRAPH 88.

11          SO THAT'S THE DIFFICULTY I HAVE, IS WHEN I LOOK FOR

12  THE FACTUAL ALLEGATION TO SUPPORT CLAIMS FOR VIOLATION OF THE

13  RIGHT TO PRIVACY, IT'S ALL ABOUT WHAT GOOGLE DOES OR DOESN'T

14  DO.  YES, THERE ARE PLACES WHERE YOU LUMP THEM TOGETHER AND YOU

15  USE THE WORD "DEFENDANTS," BUT I'M LOOKING FOR ALLEGATIONS THAT

16  MAKE THE CLAIM PLAUSIBLE, AND THAT'S WHAT I THINK IS MISSING

17  FROM CLAIM 5.  AND I DON'T FIND MUCH HELP IN YOUR OPPOSITION IN

18  SORTING THAT OUT.

19          IS THERE ANYTHING MORE YOU'D LIKE TO ARGUE ON THAT

20  POINT?

21          **MS. AMEY:**  NO, YOUR HONOR.

22          I WILL SAY ABOUT THE ADA CLAIM, I DID NOT HAVE

23  (INDISCERNIBLE) MAKE A MOTION.  AT THE TIME OF THE COMPLAINT

24  THE STUDENT HAD NOT BEEN FOUND -- IDENTIFIED YET AS A PERSON

25  WITH A DISABILITY.

1          **THE COURT:**  AGAIN, I DON'T WANT TO PREJUDGE ANY

2     AMENDMENT, BUT I JUST -- LET ME JUST PUT OUT THERE THE FACT

3     THAT A PLAINTIFF MAY HAVE A DISABILITY DOESN'T NECESSARILY MEAN

4     THAT THERE'S BEEN THAT -- THAT THE CONDUCT THAT YOU HAVE

5     CURRENTLY IN YOUR COMPLAINT MEANS THERE'S AN ADA VIOLATION.  DO

6     YOU SEE WHAT I MEAN?

7               (SIMULTANEOUS COLLOQUY.)

8          **THE COURT:**  OKAY.  I JUST DON'T WANT US TO GET OFF ON

9     A WRONG TRACK HERE.  I WILL WAIT AND SEE WHATEVER IT IS YOU

10    WANT TO PROPOSE BY WAY OF AMENDMENT IF YOU -- AGAIN, IN

11    COMPLIANCE WITH THE FEDERAL RULES.  AND AT THIS TIME I DON'T

12    THINK THERE IS -- THAT IT'S WARRANTIED FOR ME TO ADDRESS THAT

13    ISSUE.

14          OKAY.  IS THERE ANYTHING ELSE YOU WOULD LIKE TO ARGUE

15    TO THE COURT IN THESE PROCEEDINGS?

16         **MS. AMEY:**  NO.

17         **THE COURT:**  OKAY.  ANYTHING FURTHER FROM THE

18    DISTRICT?

19         **MR. DUUS:**  YOUR HONOR, I WOULD LIKE TO EMPHASIZE ONE

20    THING --

21         **THE COURT:**  SURE.

22         **MR. DUUS:**  -- THAT MS. AMEY JUST SAID ON THE RECORD.

23          WHEN YOU WERE ASKING HER ABOUT THE BASIS FOR THE

24    CLAIM 4, SHE SAID -- I DON'T WANT TO MISQUOTE HER, BUT THIS IS

25    WHAT I HEARD, SOMETHING TO THE EFFECT THAT COPPA REQUIRES THE

1    DISTRICT TO PROTECT THE STUDENTS.  SO THAT, TO ME, IS AN

2    ADMISSION THAT THE BASIS FOR THIS CLAIM IS A VIOLATION OF

3    COPPA, NOT THE ADA OR SOME OTHER STATUTE.  SO IF THE COPPA

4    PREEMPTION AND THE OTHER ARGUMENTS ARE APPLICABLE, THIS CLAIM

5    SHOULD NOT PROCEED.

6         **MS. AMEY:**  I THINK I SAID THAT ALTHOUGH COPPA DOES

7    NOT FORM THE BASIS OF THIS.  IT GOES GIVE THE

8    DISTRICT (INDISCERNIBLE) SO I WOULD ACKNOWLEDGE THAT.

9         **THE COURT:**  RIGHT.  AND WE HAVE COLLOQUY ON HOW THAT

10   DOESN'T MAKE A LOT OF SENSE TO ME.

11        AGAIN, I APPRECIATE YOU'VE ASKED FOR -- OR I INVITED

12   YOU TO BRIEF THE ISSUE OF PREEMPTION.  I WILL LET YOU DO THAT,

13   AND I WILL WAIT TO SEE WHAT YOU SAY.  AND VERY LIKELY I WILL

14   NOT BE DECIDING THIS MOTION UNTIL AFTER THE GOOGLE MOTION TO

15   DISMISS IS FULLY BRIEFED SO I HAVE THE BENEFIT OF COMPREHENSIVE

16   UNDERSTANDING OF ALL THE PARTIES' POSITION ON THIS POINT.

17        BUT I WILL ISSUE A WRITTEN DECISION AFTER I GET ALL

18   THE BRIEFING.  I'M UNLIKELY TO ENTERTAIN FURTHER ARGUMENT ON

19   THIS PARTICULAR MOTION.

20        SO THANK YOU, BOTH, FOR THE BENEFIT OF YOUR

21   ARGUMENTS.

22        **MS. AMEY:**  THANK YOU, YOUR HONOR.

23        **MR. DUUS:**  THANK YOU, YOUR HONOR.

24        **THE COURT:**  THIS MATTER IS CONCLUDED.

25        (PROCEEDINGS ADJOURNED AT 11:18 A.M.)

## CERTIFICATE OF TRANSCRIBER

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

JOAN MARIE COLUMBINI

JULY 19, 2022